Voto particular disidente emitido por el
Juez Asociado Señor Estrella Martínez,
al cual se unen la Juez Asociada Señora Rodríguez Rodríguez y los Jueces Asociados Se-ñores Kolthoff Caraballo y Rivera García.
Respetuosamente disentimos del curso de acción con el que hoy se atiende este caso. Entendemos que no se configuraron los elementos constitutivos del Art. 279 del Código Penal de 2012, infra. La conducta del peticionario, así como el talante de sus expresiones orales, no se enmarcan dentro de los criterios expresos que exige nuestro precepto penal para que se configure una violación a este artículo. Por lo tanto, concluimos que los hechos acaecidos no constituyen un ataque lesivo e injurioso a la función judicial.
Por esto, reconsideraría la denegatoria a expedir el re-curso de certiorari para revocar el dictamen emitido por el Tribunal de Apelaciones.
Veamos entonces los hechos que dieron base a la contro-versia ante nuestra consideración.
I
Durante los procedimientos de vista preliminar de los casos Pueblo v. Ramón Soto Marrero, Casos Crim. Núm. VP12-9602 al 9605, el Lcdo. Edwin E. Barreto Tubens (licenciado o peticionario), quien labora para la Sociedad para la Asistencia Legal, fungió como representante legal del imputado Ramón Soto Marrero. A este último se le atri-buía haber infringido la Ley de Armas de Puerto Rico, 25 *231 LPRA sec. 458d, y la Ley para la Prevención e Intervención con la Violencia Doméstica, 8 LPRA secs. 631 y 633.
Durante la celebración de la vista preliminar, ocurrie-ron unos incidentes atípicos por los cuales el foro de ins-tancia halló incurso en el delito de desacato al licenciado Barreto Tubens. Específicamente, durante el contrainte-rrogatorio, el licenciado Barreto Tubens preguntó a la tes-tigo de cargo si deseaba continuar con el proceso criminal contra el imputado. La fiscal objetó, pero el juez permitió la línea de preguntas del licenciado. Así las cosas, la testigo se tornó llorosa al ser confrontada con expresiones emiti-das durante la vista de causa probable para arresto, en las que manifestaba su interés en no continuar con el proceso.
Ante el proceder del peticionario, la fiscal objetó nuevamente. Dicha objeción fue acogida por el juez, se-guida por la expresión siguiente: “Yo no creo que en esta sala no hay ninguna persona, ninguna persona que tenga interés en rendir planillas y pagar contribuciones”.(1) El licenciado replicó a tal expresión, planteando que la analo-gía enunciada no guardaba relación con la controversia que se estaba dilucidando.
Entonces, el peticionario trató de explicar su estrategia y continuar la línea de preguntas, pero el tribunal lo denegó. En medio del diálogo entre el juez y el licenciado, la testigo, ahogada en llanto y con aparente quebranto emocional, se arrodilló ante el juez. Con voz agitada, tem-blorosa y llorosa, la testigo le expresó al juzgador, en repe-tidas ocasiones, lo siguiente: “¡Yo no quiero hacerle daño a él!”, “¡Yo no quiero hacerle daño!”.(2) Tanto el juez como los funcionarios de sala le ordenaron en repetidas ocasiones a la testigo que se pusiera de pie y cesara de implorar. En medio del descontrol que se apoderó de la sala, el licen- *232 ciado Barreto Tubens expresó la frase pueblerina: “[e]sto es una barbaridad”.(3)
Como consecuencia de esa expresión, casi inaudible, el juez encontró al peticionario incurso en desacato. Ello, se-gún manifestó, debido a “las expresiones que [el licenciado] acababa de hacer [...] relacionad [as] al procedimiento en esta sala”.(4)
En su Sentencia, el foro primario consignó que la con-ducta desplegada por el licenciado Barreto Tubens fue des-deñosa e insolente, y que sus actuaciones constituyeron una “crítica injuriosa e inflamatoria hacia los procedimien-tos [...]”.(5) Por ello, le impuso el pago de 100 dólares de multa o un día de cárcel por cada 50 dólares que el licen-ciado dejara de satisfacer. Asimismo, le concedió un tér-mino de 20 días para satisfacer la referida multa.
En descuerdo, el licenciado acudió ante el Tribunal de Apelaciones y solicitó la paralización de los procedimientos. El foro apelativo paralizó los efectos de la Sentencia y, a su vez, ordenó al licenciado que presentara una transcripción de la prueba oral. La Procuradora General compareció ante el foro apelativo intermedio y concluyó que lo expresado en la Sentencia de desacato no se ajustaba *233 fielmente a lo que surge de la transcripción de los procedimientos.
El Tribunal de Apelaciones emitió una Sentencia me-diante la cual confirmó al foro de instancia. Concluyó que la conducta del licenciado Barreto Tubens fue desdeñosa e insolente, tanto hacia el juez como hacia los procedimien-tos judiciales. Sostuvo que como consecuencia de sus ac-tuaciones se interrumpió el proceso judicial, logrando así mancillar el orden y decoro que deben caracterizar los pro-cedimientos judiciales. Inconforme, el licenciado presentó una solicitud de reconsideración, la cual fue declarada “no ha lugar”.
En desacuerdo con tal determinación, el licenciado recu-rrió ante este Tribunal. Lamentablemente, tanto el recurso como la oportuna moción de reconsideración fueron decla-radas “no ha lugar”, por lo que disiento y expreso los fun-damentos de derecho que ameritan la reconsideración.
II
Debemos señalar los preceptos legales aplicables a la controversia de epígrafe para exponer nuestro criterio. Particularmente, dirigiremos nuestro análisis a determi-nar cómo los hechos suscitados no configuran los elemen-tos delictivos que requiere nuestro Código Penal. Procedemos.
En lo pertinente, conforme al texto expreso del Art. 279 del Código Penal de 2012 (33 LPRA see. 5372), el delito menos grave de desacato se configura cuando una persona lleva a cabo los actos siguientes:
(a) Perturbe el orden, cause ruido o disturbio o se conduzca en forma desdeñosa o insolente hacia un tribunal de justicia o un juez durante el desarrollo de una investigación judicial o una sesión, tendiendo con ello directamente a interrumpir los procedimientos o menoscabar el respeto debido a su autoridad, o en presencia del jurado mientras esté en estrado o delibe-rando en alguna causa.
*234 (b) Desobedezca cualquier decreto, mandamiento, citación u otra orden legal expedida o dictada por algún tribunal.
(c) Demuestre resistencia ilegal y contumaz a prestar jura-mento o llenar los requisitos como testigo en una causa pen-diente ante cualquier tribunal, se niegue sin excusa legítima a contestar cualquier interrogatorio legal después de haber ju-rado o llenado dichos requisitos.
(d) Exprese crítica injuriosa o infamatoria de los decretos, órdenes, sentencias o procedimientos de cualquier tribunal que tienda a desacreditar al tribunal o a un juez.
(e) Publique cualquier informe falso o manifiestamente inexacto sobre procedimientos judiciales, a sabiendas de su falsedad. (Enfasis suplido).
Como se puede apreciar, el Código Penal exige que las actuaciones en que se incurrida no solo sean lesivas al or-den y decoro que caracterizan el funcionamiento judicial, sino que se requiere a que estas interrumpan los procesos o mancillen el respeto que se le debe a la autoridad judicial. A su vez, el artículo dispone que si se trata de críticas, para que se configure el delito de desacato, deben ser ofensivas y con el ánimo de desacreditar al tribunal o al juez que preside los procedimientos. Forzoso es concluir que si las cir-cunstancias anteriores no acontecen, no existe la comisión del delito de desacato.
III
Surge de los hechos que la decisión del juez de encontrar incurso en desacato al peticionario ocurrió en medio de una vista preliminar cargada de emotividad por parte de la principal testigo de cargo. Llorosa y atribulada, ésta mani-festaba, constantemente, su desinterés en que continuaran los procedimientos judiciales contra el imputado. Ello fue motivo para que el licenciado Barreto Tubens inquiriera sobre su deseo de culminar el proceso criminal, incluso desde la vista de causa probable para arresto. Esto dio pie para que entre el juez y el licenciado Barreto Tubens se suscitara un fogoso diálogo que culminó con la Sentencia de desacato contra el licenciado.
*235 Examinada cuidadosamente la transcripción de la prueba oral y escuchado con detenimiento el audio de los procedimientos, no podemos avalar la determinación de los foros recurridos. La evidencia ante nosotros demuestra, a todas luces, que el licenciado Barreto Tubens no incurrió en el delito de desacato.
Resalta el hecho de que antes que el letrado Barreto Tubens comenzara su turno de preguntas, la testigo le ha-bía manifestado tanto al juez como a la fiscal su deseo de no continuar con el caso. Incluso, la propia testigo le ex-presó al juez que durante la vista de Regla 6, ya ella le había manifestado al juzgador quien dirigió esa etapa de los procedimientos su desinterés en que el caso prosperara. No podemos concluir, pues, que su quebranto emocional se debiera estrictamente a la línea de preguntas hechas por el licenciado.
Por lo tanto, no apoyamos la contención de los foros in-feriores de que el proceder del peticionario provocó una alteración emocional en la testigo, a tal grado que requirió asistencia médica. Sus determinaciones no alcanzan persuadirnos. Concluimos, así, que fue la testigo de cargo quien, a causa de su deterioro emocional, generó el desor-den en sala, ocasionando con ello la interrupción de los procesos.
Por su parte, creemos que la conducta y la frase emitida por el licenciado —“esto es una barbaridad”— no lleva con-sigo el desdén que propicia el menoscabo a la autoridad del juzgador; tampoco representan un ataque vejatorio a la dignidad del foro judicial. Esa frase, casi inaudible cuando se escucha detenidamente el audio de los procedimientos, que afloró en medio del bullicio del momento en que la testigo estaba arrodillada e imploraba llorosa al juez, no alcanza el grado requerido para que se constituya el des-acato criminal.
El proceder del licenciado no lleva el estigma de la insolencia e injuria que exige el Art. 279, supra. A su vez, rei *236 teramos que las actuaciones del peticionario no obstaculi-zaron la función judicial ni menoscabaron el respeto a su autoridad. Fue el triste cúmulo de emociones que embar-garon a la testigo lo que desencadenó el eventual descon-trol en sala y la consecuente suspensión de los procedi-mientos.
En el furor del momento, el licenciado descargó su deber legítimo como abogado de defensa. Cónsono con las exigen-cias éticas que gobiernan la profesión, entendemos que el peticionario cumplió con su obligación de defender los in-tereses de su cliente. ¿Acaso éste no es un requerimiento ético al que todo abogado debe dar fiel cumplimiento? ¿Por qué, entonces, “castigar” criminalmente a un abogado cu-yas actuaciones no nos parecen ajenas a los preceptos éti-cos? No vemos, pues, la intención del peticionario de des-obedecer las órdenes del tribunal, perturbar su orden, obstaculizar los procesos o lesionar su dignidad o autori-dad, tal como lo exige el referido Art. 279.
Examinada minuciosamente tanto la Sentencia dictada por el foro de instancia como la trascripción de la prueba oral, nos percatamos de que la primera no es específica con respecto a cuál de los incisos del Art. 279 fue transgredido por el licenciado Barreto Tubens; tampoco se ajusta, de forma fehaciente, a lo que surge de la transcripción de los procedimientos. Resaltamos, además, que no está ante nuestra consideración los méritos de la estrategia legal del peticionario; mucho menos la reputación y honorabilidad del distinguido juzgador. Nuestro análisis está circunscrito a examinar si el comportamiento en sala del letrado Ba-rreto Tubens infringió nuestra normativa penal.
En conformidad con nuestros pronunciamientos ante-riores, somos del firme criterio de que los foros judiciales
[...] constituyen el sitial y baluarte sagrado que nuestro pueblo ha reconocido para dirimir sin agravios y desapasiona-mientos las controversias humanas. Ausente este respeto, la sala de justicia quedaría reducida a un foro de anarquía en que la solución de conflictos sería el producto de la pasión y no *237 de la razón. Pueblo v. Cuevas Velázquez, 103 DPR 290, 296 (1975).
Precisamente, el desacato criminal lo que persigue es “vindicar la majestad de la ley en la autoridad judicial menospreciada”. Pueblo v. Susoni, 81 DPR 124, 156 (1959). Este procedimiento surge del poder inherente de los tribunales “para mantener y asegurar el orden en su presencia y en los procedimientos ante su consideración, para hacer cumplir sus órdenes, sentencias y providencias, y para realizar u ordenar cualquier acto que resulte necesario a fin de cumplir a cabalidad sus funciones”. E.L.A. v. Asoc. de Auditores, 147 DPR 669, 681 (1999). No obstante, toda vez que es un recurso de carácter punitivo que tiene el juez para ejercer sus facultades, este debe utilizarse con suma prudencia. A la luz de estas consideraciones, concluimos que en el caso que hoy consideramos, la decisión de encon-trar incurso en desacato al peticionario fue una acción punitiva desproporcionada en la que el ejercicio de prudencia quedó ausente y fue sustituido por el abuso de la discreción.
En virtud con lo que hemos expresado, reconsideraría y, por ende, expediría el recurso de certiorari para revocar el dictamen confirmatorio del foro apelativo intermedio, que avaló una Sentencia de desacato emitida por el foro de ins-tancia contra el peticionario.

 Transcripción, pág. 6, Apéndice de la Petición de certiorari, pág. 17.

 Transcripción, pág. 7, id., pág. 18.

 íd. De la transcripción estipulada de la prueba oral, ordenada por el Tribunal de Apelaciones, surge que apenas se escucha la enunciación de esta frase.
“Testigo: ¡Mire señor juez!
Juez: ¡Dama!
Testigo: ¡Mire señor juez! (La testigo se arrodilla y suplica en llanto.)
Juez: ¡Dama, dama, espérese dama!
(Se escucha mucho bullicio en la sala y voces masculinas ordenan a la testigo que se pare.)
Testigo: ¡Por favor, señor juez!
Voz Masculina: ¡De pie por favor, párese un momentito! Pero párese un momen-tito por favor.
Defensa: (Entre el ruido de la sala apenas se escucha) Esto es una barbaridad.
Testigo: ¡Yo no quiero hacerle daño a él!
(Continúa el ruido en la sala.)
Testigo: ¡Yo no quiero hacerle daño!”. íd.

 Íd.

 Véase Sentencia del Tribunal de Primera Instancia, pág. 2, Apéndice de la Petición de certiorari, pág. 2.